UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 3:CR-02-180 |
| : | (JUDGE CONABOY) |
| v. : | |
| JENNIFER FITZPATRICK, : | |
| Defendant : | |

MEMORANDUM AND ORDER

On April 4, 2005, the Defendant herein filed a "Brief for Reconsideration of Sentence by Person in Federal Custody". This document seems to request this Court to review and revise the sentence imposed on her by this Court on August 28, 2003.

For the reasons stated herein, the Motion - or Request - will be DENIED.

On May 28, 2003, the Defendant Jennifer Fitzpatrick pled guilty pursuant to a written Plea Agreement to Count I of an Indictment that was modified by agreement of all parties to include the charge: "The Defendant was involved in the possession with intent to distribute at least twenty but less than thirty five grams of cocaine base (crack), see 28 U.S.C. § 841(a)(1)."

At the Court's request a Pre-Sentence Report was made and distributed to all parties. The Pre-Sentence Report contained the probation officer's calculation that under the United States Sentencing Guidelines the Defendant's Total Offense Level was 28 and the Defendant's Criminal History Category was IV. This calculation called for an imprisonment range between 110 and 137 months.

After extensive review, this Court concluded that the Defendant's Criminal History Category under the United States Sentencing Guidelines significantly over-represented the seriousness of the Defendant's Criminal History, (see U.S.S.G. 4A1.3), and that a Criminal History Category III properly represented the Defendant's criminal history.  This Court further found that pursuant to the Defendant's Total Offense Level 28 and Criminal History Category III a proper imprisonment range would be 97-121 months.

Pursuant to that finding this Court on May 28, 2003, imposed on the Defendant a sentence of 97 months of imprisonment.

On September 2, 2003, the Defendant filed Motions of Appeal to the United States Court of Appeals for the Third Circuit.  Her appeal was dismissed on February 2, 2004, based upon a written waiver of appeal in her Plea Agreement.

Defendant's Petition for Certiorari to the United States Supreme Court was denied on October 19, 2004.

On April 4, 2005, the document we consider here was filed.  It was not, however, served on the Government.  This Court, therefore, in an effort to assure proper handling and to be fair to all parties directed service of a copy of the document on the Federal Government and asked the Government to respond to it.  On June 3, 2005 the Government filed a response to the Defendant's filing.

The Defendant apparently asks the Court to revise and reduce her sentence because she "was not given any reduction for her acceptance of responsibility," and for a reduction of sentence "based upon the U.S. Supreme Court ruling under the cases of U. S. v. Booker and U. S. v. Fanfan, 125 S. Ct. 738 (2005).

2

The Government argues, in its response, that under Rule 35 of the Federal Rules of Criminal Procedure, a Court has seven days to correct a sentence that results from clear error. The Government argues further that pursuant to U. S. v. Wisch, 275 F.3d 620 (7th Cir. 2001), Rule 35's time limit is jurisdictional, and thus the Court lacks jurisdiction to review the Defendant's sentence.

The Government also argues that even if this Court were to consider "Defendant's Brief . . ." a motion filed pursuant to 28 U.S.C. § 2255, the Court could not grant the requested relief. Here the Defendant appears to rely on the U. S. Supreme Court decisions in U.S. v. Booker and U.S. v. Fanfan and the Government argues these decisions cannot help the Defendant because they were decided after the Defendant's sentence became final and because they have not been made to apply retroactively to cases such as the Defendants. (See Lloyd v. U.S., 407 F.3d 608 (3d Cir. 2005).

The Defendant, relying on Haines v. Kerner, 404 U.S. 519 (1972), and similar cases, asks the Court to hold her to a "less stringent standard than an attorney" in considering her filing.

We have, in great measure, subscribed to the Defendant's request in holding her to a "lesser standard" in considering the filings in this case.

The Defendant's argument on her not receiving a reduction for acceptance of responsibility is totally undermined by the record which clearly demonstrates - regardless of the Government's position - she was not entitled to such a reduction because of her own conduct in continued drug use and failure to report to the Probation Office, which conduct caused her original release to be revoked.

Even if the Court were to consider the Defendant's filing a proper pleading under 25 U.S.C. § 2255 (Habeas Corpus), the relief requested by the Defendant, cannot - and should not - be granted  because the cases and authority upon which she relies (<u>U.S. v. Booker</u> and <u>U.S. v. Fanfan</u>) simply do not apply to her case.

Under the foregoing circumstances, the Defendant is not legally entitled to any relief pursuant to the filing in which she made in this case and her request to this Court will, therefore be DENIED.

DATED: <u>June 17, 2005</u>                                                         S/ Richard P. Conaboy
                                                                                                        RICHARD P. CONABOY
                                                                                                        U. S. District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:CR-02-180 |
| | : (JUDGE CONABOY) |
| v. | : |
| JENNIFER FITZPATRICK, | : |
| Defendant | : |

ORDER

AND NOW, this 17th day of June, 2005, for the reasons set forth in the accompanying Memorandum, the following Order is entered:

1. Defendant's "Brief for Reconsideration of Sentence by Person in Federal Custody," (Doc. 145), is DENIED;

2. The Clerk of Court is directed to mark the docket.

                                                    S Richard P. Conaboy
                                                    RICHARD P. CONABOY
                                                    U. S. District Judge